Case 4:20-cv-01359   Document 24   Filed on 08/11/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROBIR K. BONDYOPADHYAY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-1340 |
| THE BANK OF NEW YORK MELLON, | § § § | |
| Defendant | § § § | |
| | | |
| PROBIR K. BONDYOPADHYAY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-1359 |
| SHELLPOINT MORTGAGE SERVICING, | § § § | |
| Defendant | § § | |

**MEMORANDUM AND OPINION**

Probir and Madhuri Bondyopadhyay, representing themselves, sued The Bank of New York Mellon, the holder of the Bondyopadhyays's mortgage note and the trustee on their deed of trust, and Shellpoint Mortgage Servicing, the loan servicer, in separate state court proceedings, seeking to stave off the foreclosure of their home. The Bank and Shellpoint removed based on diversity jurisdiction. (Case No. 20-1340, Docket Entry No. 1; Case No. 20-1359, Docket Entry No. 1). The two cases were brought before a single judge for coordinated case management. (Case No. 20-1359, Docket Entry No. 7).

In both cases, the Bank and Shellpoint filed identical motions to dismiss the Bondyopadhyays's claims under Rule 12(c). (Case No. 20-1340, Docket Entry No. 21; Case No. 20-1359, Docket Entry No. 18). For clarity, the court cites only to the motion in the first case,

*Bondyopadhyay v. The Bank of New York Mellon*, No. 4:20-cv-1340 (S.D. Tex. Apr. 15, 2020). Based on the motions, the responses, the record and the applicable law, the court grants the motions and dismisses the cases, with prejudice. Final judgment is entered by separate order.

The reasons for this ruling are set out below.

## I. Background

Probir and Madhuri Bondyopadhyay live in Houston, Texas. (Case No. 20-1340, Docket Entry No. 21 at 3). In December 1998, the Bondyopadhyays took out a home mortgage, borrowing from Full Spectrum Lending. (Case No. 20-1359, Docket Entry No. 6-2 at 13). Full Spectrum assigned the mortgage to Countrywide Home Loans, Inc. (*Id.*). In 2011, Countrywide assigned the mortgage to The Bank of New York Mellon. (*Id.*). Shellpoint Mortgage Servicing became the loan servicer at some point after 2016.

The Bondyopadhyays sued The Bank and Shellpoint for fraud, alleging that Countrywide Home Loan secretly placed the loan in "continuous foreclosure status" in July 2000. (Case No. 20-1340, Docket Entry No. 1-2 at 2; Case No. 20-1359, Docket Entry No. 1-2 at 4). They claim that they learned of the foreclosure status in August 2001 and paid "the borrowed amount by force of the Chapter –13 federal process five times during the period August 31, 2001 through September 2009." (Case No. 20-1340, Docket Entry No. 1-2 at 4). They also allege that the loan was "destroyed" by a class action lawsuit brought by "49 State Attorney Generals of the U.S. including Texas." (Case No. 20-1340, Docket Entry No. 1-2 at 4; Case No. 20-1359, Docket Entry No. 1-2 at 1). While they claim that they paid off the mortgage, they also allege that "the Bank of America Home Loan" became the custodian of the mortgage and "pleaded guilty to foreclosure fraud in December 2012." (Case No. 20-1340, Docket Entry No. 1-2 at 4; Case No. 20-1359, Docket Entry No. 1-2 at 4). The Bondyopadhyays contend that these actions amount to a conspiracy in which Anthony Vincent, an attorney for The Bank, both claimed and

denied ownership of the mortgage. Vincent signed the foreclosure petition in Harris County court, in his capacity as attorney for The Bank. (Case No. 20-1340, Docket Entry No. 1-2 at 5; Case No. 20-1359, Docket Entry No. 1-2 at 5). The Bondyopadhyays repeatedly ask, "who is the beneficiary owner of this Defendant 'security,'" filing multiple motions requesting that the defendants disclose the identity of the beneficiary owner. (Case No. 20-1340, Docket Entry Nos. 8, 10; Case No. 20-1359, Docket Entry Nos. 9, 12).

Shellpoint moved to designate the Bondyopadhyays as vexatious litigants, which the court denied. (Case No. 20-1359, Docket Entry No. 6; Docket Entry No. 15). Shellpoint identified several earlier suits by the Bondyopadhyays contesting the enforcements of liens on their property. (*See* Case No. 20-1359, Docket Entry No. 6 at 1). Those suits are summarized below:

- The Bondyopadhyays sued Bank of America, Bayview Loan Servicing, LLC and The Bank of New York Mellon in 2014, raising allegations similar to the allegations in the present cases, about the payment of the loan through Chapter 13, the destruction of the loan because of a class action, and the fraudulent "continuous foreclosure" status. (Case No. 2014-56962). The state court granted summary judgment to the defendants in March 2016. (*See* Docket Entry No. 6-3).
- The Bondyopadhyays sued foreclosure counsel and one of its attorneys in November 2015, again raising similar claims. (Case No. 2015-67497). The state court granted summary judgment to the defendants in December 2016. (*See* Docket Entry No. 6-6).
- The Bondyopadhyays sued Bayview Loan Servicing, the previous loan servicer, and foreclosure counsel in January 2016, again raising claims about fraud related to their mortgage. (Case No. 2017-01064). The state court granted summary judgment to each defendant. (*See* Docket Entry Nos. 6-9, 6-11).
- The Bondyopadhyays sued The Bank of New York Mellon again in December 2018, raising similar claims about mortgage fraud. (Case No. 2018-88693). The state court granted summary judgment to The Bank of New York Mellon in April 2019. (*See* Docket Entry No. 6-15).
- The Bondyopadhyays sued foreclosure counsel in January 2019, again alleging mortgage fraud. (Case No. 2019-01192). The state court granted the defendants' motion to dismiss. (*See* Docket Entry No. 6-18).

The Bank also sued for judicial foreclosure in state court in May 2019. (Case No. 20-1340, Docket Entry No. 21 at 4; *see also* Case no. 20-1359, Docket Entry No. 6-19). The state

3

court held as of July 31, 2019, that "the amount of the lien held by [the Bank] in the Property [was] $317,983.94," and that the Bank was "authorized to proceed with foreclosure." (*Id.* at 2–3). The Bondyopadhyays did not appeal the judgment. (Case No. 20-1340, Docket Entry No. 21 at 4).

The Bank and Shellpoint now move to dismiss the Bondyopadhyays's lawsuit under Rule 12(c), arguing that their complaint is frivolous and that their claims are barred under res judicata. (Case No. 20-1340, Docket Entry No. 21; Case No. 20-1359, Docket Entry No. 18). The Bondyopadhyays objected and responded to the motion to dismiss, raising the same argument that the mortgage was destroyed and The Bank and Shellpoint are acting fraudulently. (Case No. 20-1340, Docket Entry Nos. 23, 24, 25).

## II.     The Legal Standard

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Rule 12(c) standard for judgment on the pleadings is the same as the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"To withstand a Rule 12(b)(6) motion, [a] complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). A "complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).

The court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006); *Great Plains*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court has discretion to deny a motion to amend for futility if the amended complaint would fail to state a plausible claim. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

**III.    Analysis**

The Bank and Shellpoint argue that the Bondyopadhyays's claims are barred under res judicata because final judgement has already been entered on the merits. (Case No. 20-1340, Docket Entry No. 21 at 1). The Bondyopadhyays did not respond to this argument and instead repeated their claim that the Bank and Shellpoint are acting fraudulently because no mortgage exists. (Case No. 20-1340, Docket Entry No. 24).

Res judicata encompasses two related doctrines: claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters*, 428 F.3d at 571. Demonstrating that claim preclusion bars a plaintiff's claims requires a defendant to show that: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* Issue preclusion prevents relitigation of particular issues already resolved in a prior suit. *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999). Issue preclusion applies when four conditions are met: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005); *State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 697 (Tex. 2001).

The Bank and Shellpoint argue that claim preclusion bars the Bondyopadhyays's claims. (Docket Entry No. 21 at 7). Each of the state court cases listed above resulted in final judgments on the merits by a court of competent jurisdiction. (*See* Case No. 20-1359, Docket

Entry Nos. 6-3, 6-9, 6-11, 6-15, 6-18, 6-19). The suits all involved "the investor, [the Bank], or its servicers and foreclosure counsel," a sufficiently close relationship to be found in privity. *See New York Pizzeria, Inc. v. Syal*, 53 F. Supp. 3d 962, 968 (S.D. Tex. 2014) (a party is in privity when its interests are represented by or it is a successor in interest to a party to the action). The Bondyopadhyays's claims were raised or could have been raised in the prior suits because the actions at the heart of the Bondyopadhyays' claims date back to at least 2012. While the Bondyopadhyays also describe recent activities by The Bank and Shellpoint, they claim those actions are fraudulent because of the mortgage destruction in 2012. (*See* Case No. 20-1340, Docket Entry No. 24 at 2 (citing a July 2010 letter from Bank of America Home Loan)).

The Bank and Shellpoint also argue that the Bondyopadhyays's claims should be dismissed because they have not alleged facts to establish the elements of fraud. The Texas Supreme Court has held that "[a] fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47-48 (Tex. 1998) (citing *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990)). The Bondyopadhyays have not alleged facts that plausibly support a finding that they relied on a material misrepresentation, to their injury. If there was a misrepresentation about the identity of the servicer, there is no claim that it led to the Bondyopadhyays's failure to make mortgage payments and suffer foreclosure. Nor are the Bondyopadhyays's allegations sufficient to meet the federal pleading standard for fraud. To satisfy Rule 9(b), a plaintiff must "state the who, what, when, where, and how of the alleged fraud." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 286 (5th Cir. 2019). The Bondyopadhyays have not done so, despite repeated filings.

**VI.   Conclusion**

The Bank of New York Mellon and Shellpoint's motion to dismiss the Bondyopadhyays's claims, (Case No. 20-1340, Docket Entry No. 21; Case No. 20-1359, Docket Entry No. 18), is granted. Because the Bondyopadhyays's claims are precluded, their cases are dismissed with prejudice; further amendment would be futile. Their pending motions to produce written authorization, (Case No. 20-1340, Docket Entry No. 17); for a court order removing the fraudulent lien, (Case No. 20-1340, Docket Entry No. 19); to remove the fraudulent lien, (Case No. 20-1340, Docket Entry No. 20); and for an immediate change of basis of jurisdiction,[1] (Case No. 20-1340, Docket Entry No. 29), are denied as moot.

The cases are dismissed, with prejudice. Final judgment is entered by separate order.

SIGNED on August 11, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] The Bondyopadhyays argue that the court has federal-question jurisdiction instead of diversity jurisdiction. (Case No. 20-1340, Docket Entry No. 29 at 1–2). They do not argue that the court does not have jurisdiction.